IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HON LAU,

        Petitioner,                  No. CIV S-10-3189 EFB P

     vs.

STATE OF CALIFORNIA,

        Respondent.              ORDER

_____/

       Petitioner is state prisoner proceeding without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Petitioner seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). Examination of the *in forma pauperis* affidavit reveals that petitioner is unable to afford the costs of suit. showing. Therefore, the request is granted. *See* 28 U.S.C. § 1915(a). However, petitioner's application for a writ of habeas corpus must be dismissed with leave to amend. *See* Rule 4, Rules Governing § 2254 Cases (requiring summary dismissal of habeas petition if, upon initial review by a judge, it plainly appears "that the petitioner is not entitled to relief in the district court").

       A district court must entertain a habeas petition "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A judge

1

entertaining a habeas petition "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the

applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  The petition must be dismissed if on initial review the court finds that "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Proceedings.  An application for federal habeas relief must specify all grounds for relief, state facts supporting each ground and state the relief requested.  Rule 2, Rules Governing § 2254 Cases.  While under Ninth Circuit precedent, this court must liberally construe the allegations of a prisoner proceeding without counsel, *see Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006), the court cannot grant relief based on conclusory allegations not supported by any specific facts, *Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995); *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994).

   The instant petition violates Rule 2 of the Rules Governing  § 2254 Cases.  Petitioner states that he is challenging a 2003 conviction in the Los Angeles County Superior Court for first degree murder and personal use of a firearm.  His alleged ground for relief is that "the AG and BPH refused for petitioner's requesting transfer to Hong Kong on treaty."  As drafted, the court cannot determine the nature of petitioner's claim, particularly, whether petitioner's challenge is to his current conviction or sentence, and if so, what facts support any ground for relief.

   As noted, a federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)); Advisory Committee Notes to Rule 1 of the Rules Governing § 2254 Cases.  A civil rights action, on the other hand, is appropriate for challenges to the conditions of an inmate's confinement.  *Preiser*, 411 U.S. at 499.

2

Accordingly, it is ORDERED that:

1. Petitioner's request for leave to proceed *in forma pauperis* is granted.

2. Petitioner has 30 days from the date of this order to file an amended petition for a writ of habeas corpus curing the deficiencies identified in this order. The petition must bear the docket number assigned to this action and be styled, "First Amended Petition." The petition must also be complete in itself without reference to any prior petition. Failure to comply with this order will result in a recommendation that the petition be dismissed.

3. The Clerk of the Court is directed to send petitioner the court's form for application for writ of habeas corpus.

DATED: December 14, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE